## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 17-cv-3029-WJM

NGOC KIM TRAN,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,[1]

    Defendant.

---

## ORDER VACATING DECISION OF SOCIAL SECURITY APPEALS COUNCIL

---

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Ngoc Kim Tran ("Tran") challenges the final decision of Defendant, the Social Security Administration ("Administration"), denying his application for supplemental security income. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Tran was not disabled within the meaning of the Social Security Act. The Social Security Appeals Council then denied review, and this appeal followed.

For the reasons set forth below, the Appeals Council's decision is vacated and this case is remanded to the Administration for further proceedings consistent with this order.

---

[1] The Social Security Administration no longer has a commissioner nor a lawful acting commissioner. *See* Letter from Thomas H. Armstrong, General Counsel of the Government Accountability Office, to President Donald Trump (Mar. 6, 2018), *available at* https://www.gao.gov/assets/700/690502.pdf (last accessed Dec. 17, 2018). Lacking any other alternative, the Court *sua sponte* substitutes the Social Security Administration itself as the proper defendant.

## I. BACKGROUND

Tran was born in Vietnam in 1973 and was 37 years old on the alleged onset date of February 1, 2011. (Administrative Record ("R.") [ECF No. 12] at 106.) His highest level of educational achievement is an associate's degree. (R. at 65.) In the fifteen years preceding the alleged onset date, he worked as a plastic products hand finisher. (R. at 80, 113.)

Tran applied for disability insurance benefits on December 29, 2014 (R. at 176), and for supplemental security income on January 23, 2015 (R. at 178). In his own words, he claimed the following disabilities:

> primary severe Mental problem
> demand me to do something and see thing is not there
> hear thing is not there
> cannot concentrate anything
> cannot perform any duties
> short term memory loss
> Isolated myself in the room
> cannot handle a noise
> it is hard to get a long [*sic*] with anyone
> headache constantly

(R. at 106.) The Administration denied Tran's applications on March 11, 2015. (R. at 114.) He requested and received a hearing in front of an ALJ, Lowell Fortune. (R. at 60, 130.) That hearing took place on October 14, 2016. (R. at 60.) On December 16, 2016, the ALJ issued a written decision in accordance with the Administration's five-step sequential evaluation process.[2]

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his or her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084

At step one, the ALJ found that Tran had not engaged in substantial gainful activity since February 1, 2011. (R. at 41.)

At step two, the ALJ found that Tran "has the following medically determinable and severe impairment: psychotic disorder, not otherwise specified." (*Id.*)

At step three, the ALJ found that Tran's impairment, while severe, does not meet or medically equal any of the "listed" impairments in the Social Security regulations. (R. at 42.)

Before proceeding to step four, the ALJ assessed Tran's residual functional capacity ("RFC"). The ALJ concluded that Tran has the RFC

> to perform a full range of work at all exertional levels but with the following non-exertional limitations. Physically, no limitations. Mentally, the claimant is able to use judgment in making work decisions; respond appropriately to supervision, coworkers and work situations; and deal with changes in a routine work setting. The claimant is unable to interact with the public. The claimant is capable of work not involving significant complexity or judgment, and which requires up to three months to learn.

(R. at 43–44.) Then, at step four, the ALJ concluded that Tran's RFC would permit him to return to his past job as a hand finisher of plastic products. (R. at 52.)

Given the ALJ's conclusion at step four, the ALJ found that Tran was not entitled to Social Security benefits (and therefore did not address step five). (R. at 53.) Tran appealed to the Social Security Appeals Council, which denied review on October 17, 2017. (R. at 1.) Tran then filed this action seeking review of the ALJ's December 16, 2016 decision and the Appeals Council's October 17, 2017 decision to deny review. (ECF No. 1.)

---

(10th Cir. 2007).

3

## II. STANDARD OF REVIEW

The Court reviews the Administration's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is the amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Administration's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. ANALYSIS

Tran presents three arguments for vacating the ALJ's decision and one argument for vacating the Appeals Council's decision. (ECF No. 15 at 12–20.)[3] The Court finds that the argument regarding the Appeals Council has merit and that it would be imprudent to evaluate the ALJ's decision before the Appeals Council revisits its decision denying review.

While Tran's case was pending before the Appeals Council, it sent him a letter announcing amended regulations that had gone into effect regarding when the Appeals

---

[3] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

Council would review a case. (R. at 29.)[4]  Those amended regulations stated that the Appeals Council

> will review your case for any of the following reasons:
>
> * * *
>
> The Appeals Council receives additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision.  You must show that there is a reasonable probability that the additional evidence would change the outcome of the decision.  You must also show "good cause" for why you missed informing us about or submitting it at least 5 business days before the date of your hearing.

(*Id.*)[5]  The letter went on to announce that the Appeals Council had preemptively found good cause to accept new evidence:

> Because your case was pending at the Appeals Council before our rule about when to give us evidence became effective, we will find that you showed good cause for not submitting additional evidence earlier.  We will find that some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from telling us about or giving us the evidence earlier.[6]  We will make this good cause finding for additional evidence that you have already submitted and for additional evidence that you submit before we issue our action in your case.
>
> **You must still show that the additional evidence is also new and material, relates to the period at issue, and shows a reasonable probability of changing the outcome of the hearing decision.**

(R. at 30 (boldface in original).)

---

[4] The Appeals Council was referring to the regulatory amendments promulgated at 81 Fed. Reg. 90987 (Dec. 19, 2016), which became effective May 1, 2017.

[5] This language is at least a paraphrase, and sometimes a verbatim repetition of, 20 C.F.R. § 404.970(a)(5) & (b).

[6] This sentence is mostly verbatim from the good cause regulation at 20 C.F.R. § 404.970(b)(3).

Under this authority, Tran submitted two collections of additional evidence to the Appeals Council: 25 pages of clinical records from the location where Tran receives mental health treatment (*see* R. at 2), and an 18-page neuropsychological evaluation from Shauna L. Casement, Psy.D. (R. at 11). The Appeals Council's decision denying review noted the 25 pages of additional clinical records, but *not* Dr. Casement's report. (R. at 2.) As to the 25 pages, the Appeals Council found that the first half (spanning October through December 2016) did not show "a reasonable probability that it would change the outcome of the [ALJ's] decision," and that the second half (spanning January through early March 2017) did not "relate to the period at issue." (*Id.*) Therefore, the Appeals Council refused to consider those records. But, again, the Appeals Council said nothing about Dr. Casement's report—not even an acknowledgment of its existence. Tran contends that "[t]his case should be remanded for that reason alone." (ECF No. 15 at 19.)

In response, the Administration argues that Dr. Casement's report does not relate to the time period at issue and does not create a reasonable probability that it would change the outcome of the ALJ's decision. (ECF No. 16 at 13–14.) But this argument ascribes to the Appeals Council reasoning that the Appeals Council itself never expressed. This Court must review administrative decisions on the rationale actually given by the administrative decisionmaker. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). In the absence of any rationale, the Administration's only hope is to argue for harmless error—*i.e.*, that the Appeals Council's functional rejection of Dr. Casement's report would have been an

explicit, substantive rejection had the Appeals Council addressed it.

The Administration does not argue for harmless error. (*See* ECF No. 16 at 13–15.) The Court would not find harmless error regardless. Harmless error requires the Court to be able to "confidently say" that no reasonable administrative decisionmaker could have reached a different conclusion. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005). In the context of this case, it means that the Court must be able to confidently say that the Appeals Council could not have reasonably found Dr. Casement's opinion to relate to the time period before the ALJ made his decision, and could not have reasonably found that Dr. Casement's report had a reasonable probability of changing the ALJ's decision.

As to the relevant time period, the Court cannot confidently say that the Appeals Council would have found Dr. Casement's report irrelevant. Dr. Casement's report is dated September 28, 2017, more than nine months after the ALJ's decision, but it includes her opinion that Tran's current condition has persisted in essentially the same state "for the last 33 months in terms of his mental illnesses and functional abilities." (R. at 28.) Moreover, it is axiomatic that evidence generated after a particular time period may nonetheless be relevant to determining the state of affairs during that time period. *See Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir. 1984) ("There can be no doubt that medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period.").

As to a reasonable probability that Dr. Casement's report might have changed the ALJ's decision, the Court similarly cannot confidently say that the Appeals Council could have only decided this issue against Tran. The ALJ had only two acceptable

7

medical source opinions, each with somewhat conflicting views. (R. at 50–51.) Neither of those opinions was as thorough as Dr. Casement's. In particular, Dr. Casement performed certain tests apparently not performed by any other psychologist or psychiatrist, and Dr. Casement described in great detail the outcome of those tests and her assessment of Tran based on those outcomes. (R. at 18–28.) These are precisely the sorts of things that Social Security regulations direct ALJs to look for when weighing the opinions of acceptable medical sources. *See* 20 C.F.R. §§ 404.1527(c)(3) & 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). Accordingly, the Court is not confident that the Appeals Council would have rejected Dr. Casement's report as not reasonably likely to change the ALJ's decision.

For these reasons, this matter must be remanded to the Appeals Council so that it can correctly apply its new-evidence rules in the first instance. The Court does not intend by this opinion to suggest the result that should be reached on remand. *See Kepler v. Chater*, 68 F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons set forth above, the Appeal Council's decision is VACATED and this case is REMANDED to the Administration for reconsideration of the Appeals

Council's decision to deny Tran's request for review. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 28th day of December, 2018.

BY THE COURT:

William J. Martinez
United States District Judge